IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHETT EDWIN KETCHUM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case Number CIV-07-1112-C |
| | ) |
| DAVID PARKER, Warden | ) |
| | ) |
| Respondent. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This 28 U.S.C. § 2254 action for habeas corpus relief, brought by a state prisoner proceeding pro se, was referred to United States Magistrate Judge Bana Roberts, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Roberts entered a Report and Recommendation ("R&R") on January 30, 2008, recommending the Petition be dismissed as untimely. Petitioner filed a timely objection,[1] and the Court therefore considers the matter de novo.

The Magistrate Judge properly raised, *sua sponte*, the timing of Petitioner's complaint. As Judge Roberts correctly noted, Petitioner's conviction was final on January 16, 2006, and the present action was not filed until October 1, 2007. Thus, the present motion was filed well outside the one year limitations period established by 28 U.S.C. § 2244(d)(1). As noted

---

[1] Although Petitioner titled his document "Petitioner, Hereby Petitions The Judicial Council For Review Of The Chief Judges Order," it is clear from the text of his document that he is objecting to the R&R.

by Judge Roberts, although Petitioner sought post-conviction relief in the state court, that filing could not toll expiration of the limitations period under the provisions of § 2244(d)(2), because the AEDPA[2] limitations period had expired prior to filing for state post-conviction relief.

Petitioner has failed to offer any basis to warrant application of the equitable tolling doctrine. "[Equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). As Judge Roberts correctly noted, lack of access to a law library does not provide a basis for equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Likewise, Petitioner's argument that he did not have access to legal assistance is unavailing as there is no right to legal assistance when pursuing a habeas action unless the Court determines an evidentiary hearing is needed. Swazo v. Wyoming Dept. Of Corrections, 23 F.3d 332, 333 (10th Cir. 1994). Thus, Petitioner's lack of access to legal assistance is not grounds for tolling the limitations period. Finally, Petitioner argues the limitations period should be tolled due to his mental illness. However, Petitioner has offered no evidence supporting his claim. Thus, that claim cannot serve as a basis for equitable tolling. See Miller, 141 F.3d at 977 (petitioner bears the burden of demonstrating the circumstances that justify equitable tolling.)

---

[2] Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1).

As set forth more fully herein, Petitioner has failed to offer any basis to reject the Report and Recommendation of the Magistrate Judge. Accordingly, the Court adopts, in its entirety, the Report and Recommendation (Dkt. No. 12) of the Magistrate Judge, and for the reasons announced therein, this petition for habeas corpus relief is DISMISSED, as untimely. Because no amendment can cure the defect, this dismissal acts as an adjudication on the merits. A judgment will enter accordingly.

IT IS SO ORDERED this 22nd day of February, 2008.

ROBIN J. CAUTHRON
United States District Judge